IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MELVIN JAMES JACKSON, | : |
| Petitioner, | : |
| VS. | :    1 : 09-CV-102 (WLS) |
| Commissioner BRIAN OWENS, | : |
| Respondent. | : |

**ORDER AND RECOMMENDATION**

The Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2006 Dougherty County pleas to aggravated assault and felony obstruction, his convictions for criminal damage to property and theft by taking, and his probation revocation. (Doc. 2). A probation revocation hearing was held on July 31, 2006, to determine if Petitioner's probated sentence for sale of marijuana, arson in the first degree, theft by taking, and burglary should be revoked. As a result, Petitioner's probation was revoked, and he was sentenced to serve five (5) years.

Also on July 31, 2006, Petitioner was indicted for criminal damage to property and theft by taking. Following a jury trial and guilty verdict of lesser included offenses of criminal trespass and misdemeanor theft by taking, Petitioner was sentenced to a twelve (12) month term of imprisonment for each count, to run consecutively.

On November 1, 2006, Petitioner pled guilty to the Dougherty County felony obstruction charge, and a judgment of nolle prosequi was entered on the aggravated assault charge. Following the plea, Petitioner was sentenced to five (5) years imprisonment as a recidivist, to run concurrently with his probation that had been previously revoked.

Petitioner filed a state habeas petition on January 23, 2007 in the Superior Court of Chatham County challenging his probation revocation hearing. (Doc. 21-1). On February 23, 2007, Petitioner filed a state habeas petition challenging his guilty plea for obstruction. The two cases were transferred to the Superior Court of Charlton County, where they were consolidated. At his state hearing, Petitioner pursued the following three grounds of ineffective assistance of counsel: 1) Petitioner's counsel failed to object when the prosecution amended Petitioner's assault charge; 2) counsel failed to object to the prosecutor leading witnesses and failed to "sever" the two indictments at the revocation hearing; 3) counsel failed to effectively argue against felony obstruction. (Doc. 2-1, p. 3). Following two evidentiary hearings, the state habeas court denied relief, and Petitioner's application for a certificate of probable cause to appeal was denied by the Georgia Supreme Court on September 8, 2009. (Doc. 21-3). Petitioner executed this federal habeas petition on June 17, 2009. (Doc. 2).

## Standard of Review

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause,

then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407).

Accordingly, Petitioner must first establish that the state habeas court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In other words, as this is a post-AEDPA case, the Petitioner herein may obtain federal habeas relief *only* if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court, or if the state court made a decision based on an unreasonable determination of the facts. *Williams*, 529 U.S. at 405; *Early v. Packer*, 537 U.S. 3, 7 (2002); 28 U.S.C. § 2254(d).

### Petitioner's Habeas Claims

In his Petition for federal habeas relief and his Brief supporting his Petition, the Petitioner sets forth the following grounds for relief: 1) Petitioner's attorney failed to object when the prosecution led and coerced witnesses; 2) Petitioner's attorney failed to summon witnesses at the

3

probation revocation hearing; 3) a magistrate judge improperly sat as a superior court judge at the probation revocation hearing; 4) Petitioner's attorney did not object to the defective indictment; 5) Petitioner's attorney coerced Petitioner into entering a guilty plea on the obstruction charge; 6) Petitioner did not receive a fair habeas proceeding; 7) Petitioner's attorney failed to file a motion to sever; 8) the probation revocation order did not state the probation conditions Petitioner violated; and 9) Petitioner's attorney provided an ineffective closing argument at the revocation hearing. (Docs. 2, 7).

***Procedurally defaulted grounds***

Initially, Respondent asserts that Grounds 2, 3, 5, and 8, identified by the Petitioner as raising claims of ineffective assistance of counsel and procedural errors, are procedurally defaulted. Respondent asserts that these claims are procedurally defaulted under Georgia's successive petition rule, as Petitioner did not raise these claims in his state habeas petition and would not be allowed to do so in a second state habeas corpus petition. O.C.G.A. § 9-14-51. Under Georgia law, any grounds for habeas relief not raised in an original or amended habeas petition

> are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

*Id.*

A state prisoner may not obtain federal habeas relief on a claim that the state courts refused to consider or would refuse to consider due to his failure to timely raise the claim at trial and/or on appeal, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or can establish a fundamental miscarriage of justice if the federal court

4

does not consider the claims.  *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 724 (1991).  Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause and prejudice lies with the petitioner. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992).  "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  *Murray v. Carrier*, 477 U.S. 480, 488 (1986).

Herein, Petitioner did not raise the issues presented in Grounds 2, 3, 5, or 8 in the state proceedings below, rendering the grounds procedurally defaulted.  Petitioner has not established cause and actual prejudice to excuse the procedural default of these claims, nor has he established a fundamental miscarriage of justice if his claims are not heard.  Accordingly, the allegations contained in Grounds 2, 3, 5, and 8 will not support the granting of habeas relief herein.

*Lack of merit*

In Grounds 1, 4, 7, and 9, Petitioner alleges that he received ineffective assistance of counsel.  (Docs. 2, 7).  In Ground 1, Petitioner alleges that he was unable to raise the claim that his counsel failed to object when the prosecution led and coerced witnesses.  (Doc. 2).  Grounds 4, 7, and 9 allege that Petitioner's counsel was ineffective at the revocation hearing because he failed to object to the defective indictment which amended misdemeanor charges to felonies, failed to file a motion to sever, and failed to provide an effective closing argument regarding the obstruction charge.  (Doc. 7).

The state habeas court made findings of fact regarding the issue of ineffective assistance of counsel after conducting an evidentiary hearing, which included testimony by Petitioner's

counsel. The state habeas court found the following relevant facts:

> Petitioner was represented by Troy Golden in both criminal cases and for his probation revocation proceeding. Mr. Golden was admitted to the Georgia Bar in 1999 and has been employed as an assistant public defender since he began practicing law. Mr. Golden has represented criminal defendants in between 50 and 100 cases that were resolved via trial and "perhaps hundreds" of cases resolved through guilty pleas.
>
> . . .
>
> Upon being assigned to represent Petitioner, Mr. Golden met with him several times at the county jail and obtained all of the police reports from the incidents. Petitioner gave Mr. Golden the names of several witnesses he wanted to testify on his behalf, and Mr. Golden, along with his investigator, interviewed the witnesses. Mr. Golden also informed Petitioner that the first step in the process would be defending Petitioner at his probation revocation hearing.
>
> . . .
>
> Mr. Golden's primary defense strategy at the probation revocation, and at the trial for the theft case, was that the value of the property was less than $500, thus making the theft a misdemeanor. Mr. Golden's defense theory for the assault and obstruction was to call witnesses in an attempt to show that the police officer in question was the aggressor, not Petitioner.
>
> In preparing for the revocation proceeding, Mr. Golden informed Petitioner that the revocation proceeding was not a trial, there was a lower burden of proof for the state, and that in addition to the two new sets of criminal charges, the state also alleged that Petitioner had tested positive for drugs and was not reporting or paying his probation fees. At the revocation hearing, Mr. Golden called three witnesses [o]n Petitioner's behalf.

(Doc. 2-1, pp. 3-5) (internal citations omitted).

The state habeas court determined, based on the facts of the case that

> Petitioner has made no showing that counsel's performance was deficient in any proceeding. Mr. Golden formulated the best defense available to Petitioner for the probation revocation proceeding (as well as the jury trial) and called three witnesses on

6

> Petitioner's behalf at the revocation hearing. The probation revocation hearing was not a stage of criminal prosecution, so that the full panoply of rights accorded a defendant at a criminal trial did not apply to the revocation hearing. . . . Petitioner has failed to establish that counsel's performance was deficient nor show any prejudice from Petitioner's claims in ground two that counsel failed to object when the prosecutor allegedly led witnesses at the revocation hearing or "sever" the two indictments for the revocation hearing.
>
> Further, Petitioner has made no showing that Mr. Golden's performance was deficient in any way regarding the guilty plea. Petitioner was on probation when he was arrested for assault and was arrested in the theft incident while he was out of jail on a bond from that earlier arrest. Mr. Golden was able to dispose of all three of these serious criminal allegations with Petitioner serving an additional seven years, instead of the (sic) receiving the maximum for each charge.

(*Id.* at pp. 8-9) (internal citations omitted).

The state habeas corpus court explicitly applied *Strickland v. Washington*, 466 U.S. 668 (1984) to find that Petitioner had failed to meet his burden to show deficient performance and actual prejudice as to the allegations of ineffective assistance of counsel.

The state habeas court applied the correct standard for evaluation of ineffective assistance of counsel claims. In *Strickland v. Washington,* 466 U.S. at 687, the United States Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Second, a defendant must demonstrate that the deficient performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the first prong, the reasonableness of an attorney's performance is to be evaluated

7

from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. The petitioner must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (citation omitted).

Under the prejudice prong, a petitioner must establish that there is a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman v. Morrison,* 477 U.S. 365, 375 (1986); *Strickland,* 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In his Petition and subsequent briefs, Petitioner only provided an explanation of his claims, and failed to provide any evidence showing the state court's decision was either contrary to or an unreasonable application of Federal law. (*See* Docs. 2, 7, 22). After review, the state court's analysis regarding the representation provided by trial counsel reveals that its conclusions were neither contrary to nor an unreasonable application of clearly established Federal law. Thus, this Court is prohibited from issuing habeas relief on the basis of Grounds 1, 4, 7, or 9. 28 U.S.C. §§ 2254(d)(1) & 2254(e)(1); *Williams v. Taylor*, 529 U.S. 362, 387-388 (2000).

### *Failure to state a claim*

Respondent maintains that Ground 6 in this federal habeas Petition fails to raise a valid claim for federal habeas relief, as no federal questions were presented. (Doc. 20). In Ground 6, Petitioner alleges that he did not receive a fair state court hearing in his habeas case because the judge did not let Petitioner read the revocation transcript at the hearing. (Doc. 7).

A federal court may entertain a federal habeas petition only on the ground that the prisoner

is in custody in violation of the United States Constitution, a treaty, or the laws of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983). Errors that are raised by a petitioner which do not involve the reason for his conviction and sentence are not cognizable in federal habeas corpus petitions. *Quince v. Crosby*, 360 F.3d 1259, 1261 (11th Cir. 2004). In general, "alleged infirmities in state habeas proceedings do not state an independent claim for federal habeas corpus relief." *Thompson v. Roberts*, 2008 WL 4089315, *6 (S.D. Ga Sept. 2, 2008); *Spradley v. Dugger*, 825 F.3d 1566, 1568 (11th Cir. 1987) (a claim asserting errors in a collateral proceeding "goes to issues unrelated to the cause of petitioner's detention, [and thus] does not state a basis for habeas relief"); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) ("errors in a state habeas proceeding cannot serve as a basis for setting aside a valid original conviction").

In Ground 6, Petitioner is alleging that the state habeas proceeding was not fair because Petitioner was not allowed to present evidence to show his trial counsel's errors. (Doc. 7). Petitioner is not alleging that his Constitutional rights were violated by the state court proceedings; rather, Petitioner alleges that a collateral proceeding was "unfair". As Petitioner is not challenging his conviction under this Ground, but is challenging an error he contends the state habeas judge made during his evidentiary hearing, it is an attack on a proceeding merely collateral to his conviction. Thus, Ground 6 is not a cognizable claim in this Court under § 2254, and Petitioner is not entitled to habeas relief on this claim. *See Stinson v. Thompson*, 2007 WL 3341700, *7 (M.D. Ga. Nov. 8, 2007) (a claim challenging the state habeas judge's decision is not cognizable under 28 U.S.C. § 2254).

*Conclusion*

As none of the grounds raised by the Petitioner will support the granting of federal habeas relief, it is the recommendation of the undersigned that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.  If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

*Motion for an Evidentiary Hearing (Doc. 46)*

Petitioner has also filed a Motion for Evidentiary Hearing, requesting an evidentiary hearing for his claims of ineffective assistance of counsel and allegations of prosecutorial misconduct.  Respondent has filed a Response opposing the Motion because Petitioner has not established a need for a federal evidentiary hearing.  (Doc. 48).

The Anti-Terrorism and Effective Death Penalty Act provides the standards governing the power of federal courts to order an evidentiary hearing in habeas cases.  Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in
> State court proceedings, the court shall not hold an evidentiary
> hearing on the claim unless the applicant shows that –
> (A) the claim relies on –
> (i) a new rule of constitutional law, made retroactive to cases on

> collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Herein, Petitioner has not established the basis for the granting of an evidentiary hearing. Petitioner has not shown that his claims are based on a new rule of constitutional law that applies retroactively to cases on collateral review, nor has Petitioner shown that the claims rely on a factual predicate that could not have been previously discovered. Accordingly, Petitioner's Motion for Evidentiary Hearing is hereby **DENIED**.

**SO ORDERED AND RECOMMENDED**, this 12th day of October, 2011.

**s/ *THOMAS Q. LANGSTAFF***

**UNITED STATES MAGISTRATE JUDGE**

llf